■ CAPITAL HOLDINGS, INC., Respondent, v NYNEX MOBILE COMMUNICATIONS COMPANY, Now Known as NEW YORK CELLULAR GEOGRAPHIC SERVICE AREA, INC., Appellant. [694 NYS2d 161] —In an action, *inter alia,* to recover damages for breach of contract, the defendant NYNEX Mobile Communications Company n/k/a New York Cellular Geographic Service Area, Inc., appeals from so much of an order of the Supreme Court, Rockland County (Bergerman, J.), dated June 25, 1998, as denied that branch of its motion for summary judgment which was to dismiss the plaintiff's cause of action to recover damages pursuant to section 3.3.3.A of its tariff.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion which was for summary judgment dismissing the cause of action to recover damages pursuant to tariff 3.3.3.A is granted, and the complaint is dismissed in its entirety.

The defendant NYNEX Mobile Communications Company n/k/a New York Cellular Geographic Service Area, Inc. (hereinafter NYCGSA), provided cellular telephone services to the plaintiff Capital Holdings, Inc. (hereinafter Capital). Pursuant to tariff 4.1.3.B, filed by NYCGSA, it billed Capital in whole-minute increments for all connected calls. In other words, charges for calls were rounded up to the nearest minute. In this action, Capital contends that it was overcharged as a result of "dropped" or disconnected calls caused by defects in the NYCGSA cellular telephone system. Capital argues that when a call was involuntarily disconnected it was forced to redial the number to complete the call. As a result it was, in effect, double—charged under tariff 4.1.3.B since NYCGSA rounded up to the nearest minute when the call was disconnected and then rounded up again when the redialed call was completed. The Supreme Court found that Capital could recover the alleged "overcharges" as a result of the dropped calls pursuant to tariff 3.3.3.A which provided that sole liability of NYCGSA for damages "shall not exceed an amount equivalent to the proportionate charge to the customer for the period during which the mistake, error, or failure existed". We disagree.

A plain reading of tariff 3.3.3.A reveals that it was designed not to create a right of recovery but to preclude a customer from asserting a claim for consequential damages (*see, e.g.,*

*Western Union Tel. Co. v Esteve Bros. & Co.,* 256 US 566). This conclusion is warranted by the tariff's language that recovery "shall not exceed" the carrier's billing charges. Additionally, the phrase "proportionate charge" does not support the Supreme Court's interpretation of the tariff. Capital's alleged damages are not proportionate to the time that the transmission was out of service as a result of the disconnection, since Capital was not charged for that time. Accordingly, that branch of motion of NYCGSA which was to dismiss Capital's cause of action to recover damages under tariff 3.3.3.A should have been granted and the complaint should have been dismissed in its entirety. Mangano, P. J., O'Brien, Sullivan and Goldstein, JJ., concur.